# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| JAMES CROMER, SR., | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. 4:17-cv-189-HLM-WEJ |
| v. | ) |
| FLOYD COUNTY SCHOOL DISTRICT, FLOYD COUNTY BOARD OF EDUCATION, EMPLOYMENT ALLIANCES, LLC d/b/a ETOWAH EMPLOYMENT AGENCY, and SCOTT JUSTICE. | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW James Cromer, Sr., (hereinafter "Cromer Sr."), by and through the undersigned counsel, and hereby files his Complaint for Damages against Floyd County School District ("Floyd County SD") Floyd County Board of Education ("Floyd County BOE"), Employment Alliances, LLC d/b/a Etowah Employment Agency ("Etowah"), and Scott Justice ("Justice") (hereinafter collectively referred to as the "Defendants") showing as follows:

## Jurisdiction and Venue

1.

This Court has jurisdiction over Cromer Sr.'s claims pursuant to 42 U.S.C. § 2000 *et seq.*, in that this is an action arising under the laws of the United States to recover damages pursuant to acts of Congress which provide for the protection of civil rights.

2.

This Court also has supplemental jurisdiction over Cromer Sr.'s state law claims pursuant to 28 U.S.C. § 1367, in that said claims arise from the same nucleus of operative facts as the federal claims which form the basis of this Complaint.

3.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 (b) and (c) because the acts giving rise to this Complaint occurred within this District, and because Defendants are subject to this Court's personal jurisdiction.

## The Parties

4.

Cromer Sr. resides at 215 Harrison Road NW Rome, Georgia 30165 and for purposes of the instant action, submits to the jurisdiction and venue of this Court.

5.

Floyd County SD is a government entity with its principal place of business located at 600 Riverside Parkway NE Rome, Georgia 30161. Floyd County SD is subject to the jurisdiction of this Court and may be served at 600 Riverside Parkway NE Rome, Georgia 30161.

6.

Floyd County BOE is responsible for formulating policies for the administration of all Floyd County public schools, including Coosa High School, and for training and supervision of its employees in accordance with the authority granted in the Ga. Const. Art. VII, 5, paras. 1 and 2, and O.C.G.A. § 20-2-50. Floyd County BOE may be served through at 600 Riverside Parkway NE Rome, Georgia 30161.

7.

Etowah is a Georgia Corporation, with its principal place of business located at 309 East 2nd Avenue Rome, Georgia 30161. Etowah is subject to the jurisdiction of this Court and may be served through its registered agent for service of process at 309 E. 2nd Ave, Floyd, Rome, GA, 30161.

## Statement of Facts

8.

Cromer Sr., satisfied all necessary conditions precedent prior to filing this Complaint, including the timely filing of a Charge of Discrimination (hereinafter the "Charge") with the Equal Employment Opportunity Commission (hereinafter the "EEOC"), the receipt of a *Right to Sue Letter* from the EEOC and the filing of the instant lawsuit within ninety (90) days of his receipt of the *Right to Sue Letter*.

9.

Cromer Sr. also received a *Right to Sue Letter* from the U.S. Department of Justice, as it relates to filing a charge of discrimination against a government entity. The instant lawsuit was filed within ninety (90) days of both *Right to Sue Letters*.

10.

Etowah, an employment agency, placed Cromer Sr. as a custodian at Coosa High School ("Coosa High") in Etowah, Georgia.

11.

Coosa High is a public school within the Floyd County SD.

12.

Floyd County BOE is responsible for formulating policies for the administration of the Floyd County SD.

13.

Etowah, Floyd County SD, and Floyd County BOE jointly employed Cromer Sr. Therefore, Etowah, Floyd County SD, and Floyd County BOE are joint employers. Etowah, Floyd County SD, and Floyd County BOE shared control and supervision of Cromer Sr.'s employment.

14.

While employed at Coosa High, Cromer Sr.'s supervisor, Justice, subjected Cromer Sr. to severe and pervasive sexual harassment.

15.

On one occasion, Justice smacked Cromer Sr. in the testicles. Justice then smiled and laughed about it in a mocking way.

16.

On another occasion, Justice forcefully grabbed Cromer Sr. in the buttocks and made smooching kisses towards him.

17.

Justice would frequently comment on Cromer Sr.'s appearance in a swooning voice, telling him he looked good today. These were not mere compliments. This sexual harassment continued throughout Cromer Sr.'s employment.

18.

It is believed and, therefore alleged, that Justice also sexually harassed other employees. Justice did also harass James Cromer, Jr. ("Cromer Jr.") and Edwin Howell ("Howell") (both of whom are herein collectively referred to as, "co-workers").

19.

Late in the summer of 2016, Cromer Sr. was in the cafeteria with his son and co-worker, Cromer Jr. and some other employees. While Cromer Jr. was waxing the floor, Justice forcibly shoved his fingers up Cromer Jr.'s rectum and moved them around. Cromer, Jr. was angry, mortified, humiliated and felt powerless to object or defend himself.

20.

After Justice fingered Cromer Jr.'s rectum, Cromer Jr. spoke to Cromer Sr. and Howell. They decided they could not take the harassment anymore and something needed to be done.

21.

Cromer Sr. was unsure to who or where or how to report the harassment. Worse, Cromer, Sr. could not report the conduct to his supervisor because his supervisor was the harasser.

22.

Cromer Sr. remembered seeing Dr. Glenn White ("Dr. White") from the Floyd County BOE at a few school functions. On several occasions, Cromer Sr. saw Dr. White speaking to Justice. Cromer Sr. was under the impression that Dr. White was Justice's supervisor, or at least someone who could either help or direct him to the right person.

23.

Cromer Jr. called Meghan, a human resources employee with Etowah asking for advice. Meghan was unhelpful. Unsure what to do, Cromer Jr. suggested scheduling a meeting with Cromer Sr., Howell and Dr. White. Meghan expressed that she thought the meeting was a good idea and she also volunteered that other employees were having similar issues with Justice.

24.

On August 31, 2016 at approximately 10:00 A.M., Cromer Jr., Cromer Sr., and Howell (collectively the "Victims") met with Dr. White to formally complain

about Justice's sexual harassment. The Victims discussed Justice's sexual harassment and how this behavior embarrassed and humiliated them, and that Justice was creating an untenable working environment.

25.

At the meeting, and without conducting any investigation at all, Dr. White sided with Justice and turned on the victims. It is unclear whether Dr. White knew anything about the victims or their employment history. None of the victims had been disciplined before. Nevertheless, Dr. White elected to respond to the very serious complaint by criticizing the work performance of the victims. Dr. White went on to tell the victims how Justice was a valuable employee with a long and successful career with Floyd County.

26.

Dr. White chose to transfer the victims, not Justice, to other schools. In contrast, Justice was never transferred or disciplined.

27.

Approximately one week after the meeting, Dr. White informed Cromer, Sr. that he was to transfer to Alto Park Elementary. This transfer made it increasingly more difficult for Cromer Sr. to get to work.

28.

Still having conducted no formal investigation into the very serious allegations of the victims, Dr. White, and Defendants retaliated against Cromer Sr. by transferring him after Cromer, Sr. complained and asked for help.

**Count I: Sexual Harassment/ Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000 *et seq.*)**

29.

Cromer Sr. hereby incorporates Paragraphs 1 through 28 of this Complaint, as if same were set forth fully herein.

30.

Defendants are corporate or government entities, engaged in industries affecting commerce and are employers within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq*.

31.

Cromer Sr. is a male and a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq*.

32.

Justice, acting in the scope of his employment, sexually harassed Cromer Sr. in a severe and pervasive manner. The sexual harassment did alter the terms and conditions of Cromer Sr.'s employment and created an abusive working environment. Defendants condoned and ratified the sexual harassment when they failed to investigate the complaint and transferred Cromer, Sr. to a different school when he complained.

33.

Defendants violated Cromer Sr.'s rights by, among other things, subjecting him to a sexually harassing and hostile working environment, taking adverse employment actions against him for his refusal to acquiesce to sexual advances, and by failing to take reasonable preventative or corrective measures with respect to the unlawful harassing conduct.

34.

The Defendants are per se liable for the sexual harassment and the hostile working environment in violation of Title VII.

35.

Additionally and in the alternative, the Defendants' unlawful conduct constitutes sexual harassment culminating in an ultimate employment action against Cromer Sr.

36.

As a direct and proximate result of the Defendants' actions, Cromer Sr. has suffered damages including emotional distress, inconvenience, humiliation, and other indignities.

37.

Therefore, Cromer Sr. is entitled to actual, compensatory and punitive damages in amounts to be proven at trial.

**Count II: Retaliation**

38.

Cromer Sr. hereby incorporates Paragraphs 1 through 37 of this Complaint, as if same were set forth fully herein.

39.

In complaining about Scott Justice's sexual harassment, Cromer Sr. engaged in protected activity under 42 U.S.C. § 2000 *et seq*.

40.

By transferring Cromer Sr. as a result of his complaint, and without investigating, Defendants unlawfully retaliated against Cromer Sr., in violation of 42 U.S.C. § 2000 *et seq*.

41.

Defendants' retaliatory conduct towards Cromer Sr. was willful, intentional, malicious and/ or reckless.

42.

Defendants' retaliatory acts would dissuade a reasonable employee of Defendants from making complaints asserting their rights under 42 U.S.C. § 2000 *et seq*.

43.

Due Defendants' retaliation, Cromer Sr. has suffered and continues to suffer harm, including emotional distress.

44.

As a result of Defendant's retaliation, Cromer Sr. is entitled to all legal and equitable relief available under 42 U.S.C. § 2000 *et seq*., including but not limited to non-pecuniary damages for emotional distress, attorneys' fees, and costs.

### Count III: Assault

45.

Cromer Sr. hereby incorporates Paragraphs 1 through 44 of this Complaint, as if same were set forth fully herein.

46.

On many occasions, Justice, acting within the scope of his employment, caused Cromer Sr. to reasonable apprehend imminent touching or other harm that would be harmful and/or offensive.

47.

Defendants are liable for the actions of Justice because the actions took place within the scope of Justice's employment. In fact, Justice was only able to assault Cromer Sr. because Justice was Cromer Sr.'s supervisor.

### Count IV: Battery

48.

Cromer Sr. hereby incorporates Paragraphs 1 through 47 of this Complaint, as if same were set forth fully herein.

49.

Justice, acting within the scope of his employment, battered Cromer Sr. when Justice smacked Cromer Sr.'s buttocks.

50.

Justice intended to make non-consensual contact with Cromer Sr.

51.

Defendants are liable for the actions of Justice because the actions took place within the scope of Justice's employment. In fact, Justice was only able to batter Cromer Sr. because Justice was Cromer Sr.'s supervisor.

51.

Therefore, Cromer Sr. is entitled to actual, compensatory and punitive damages in amounts to be proven at trial.

WHEREFORE, Cromer Sr. prays for the following relief:

(a) That service of process issue;

(b) For a trial by a jury;

(c) For an award of actual and compensatory damages in amounts to be proven at trial;

(d) For an award of punitive damages in an amount to be proven at trial and sufficient to punish defendants and to deter them from engaging in similar conduct in the future;

(e) For an award of litigation expenses and costs, including attorneys' fees; and

(f) For such other and further relief as this Court deems just and proper.

Respectfully submitted this 14th day of August, 2017.

        COHAN LAW GROUP, LLC

        /s/ *Louis R. Cohan*

        LOUIS R. COHAN
        Georgia State Bar No. 173357
        ARIEL D. FENSTER
        Georgia State Bar No. 420858
        *Attorneys for Plaintiff*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
afenster@cohanlawgroup.com

I further certify that the foregoing has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

        **COHAN LAW GROUP, LLC**
        /s/ Ariel D. Fenster
        ARIEL D. FENSTER
        Georgia Bar No. 420858