IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JAMES CROMER, SR,

    Plaintiff,

v.

FLOYD COUNTY SCHOOL
DISTRICT, EMPLOYMENT
ALLIANCES, LLC, d/b/a
Etowah Employment Agency,
and SCOTT JUSTICE,

    Defendants.

CIVIL ACTION FILE

NO. 4:17-CV-189-HLM-WEJ

## **NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on defendant Employment Alliances, LLC's ("EA") Motion for Summary Judgment [12] as to plaintiff James Cromer Sr.'s claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). EA asserts that plaintiff did not file the August 14, 2017 Complaint [1] within ninety days of the April 13, 2017 Notice of Right to Sue issued by the U.S. Equal Employment Opportunity Commission ("EEOC") on plaintiff's Charge against EA. Plaintiff has responded [36] and has attached his own declaration [36-3] and those of his counsel [36-1, 36-2] regarding their knowledge of the April 13, 2017 Notice. For

the reasons set forth below, the undersigned **RECOMMENDS** that EA's Motion for Summary Judgment be **DENIED WITHOUT PREJUDICE**.

I. **SUMMARY JUDGMENT STANDARD**

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of "informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 840 (11th Cir. 2000) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Those materials may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The non-moving party is then required "to go beyond the pleadings" and present competent evidence "showing that there is a genuine issue for trial."

2

Celotex, 477 U.S. at 324. Generally, "[t]he mere existence of a scintilla of evidence" supporting the non-movant's case is insufficient to defeat a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). If in response the non-moving party does not sufficiently support an essential element of his case as to which he bears the burden of proof, summary judgment is appropriate. Rice-Lamar, 232 F.3d at 840. "In determining whether genuine issues of material fact exist, [the Court] resolve[s] all ambiguities and draw[s] all justifiable inferences in favor of the non-moving party." Id. (citing Anderson, 477 U.S. at 255).

In deciding a summary judgment motion, the court's function is not to resolve issues of material fact but rather to determine whether there are any such issues to be tried. Anderson, 477 U.S. at 251. The applicable substantive law will identify those facts that are material. Id. at 248. Facts that are disputed, but which do not affect the outcome of the case, are not material and thus will not preclude the entry of summary judgment. Id. Genuine disputes are those in which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. For factual issues to be "genuine," they must have a real basis in the record. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.

574, 586 (1986). When the record as a whole could not lead a rational trier of fact to find for the non-movant, there is no "genuine issue for trial." Id. at 587.

## II. DISCUSSION

As the Eleventh Circuit has explained, "Title VII . . . actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge." Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir. 2000) (per curiam); see also 42 U.S.C. § 2000e-5(f)(1) (Title VII requires suits be brought within ninety days after receipt of notice). To prevent "manipulable open-ended time extension[s]," courts apply the ninety-day period and receipt rules "on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case . . . without conditioning a claimant's right to sue under Title VII on fortuitous circumstances or events beyond [her] control." Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1340 (11th Cir. 1999) (internal citations omitted). Thus, a plaintiff is required to assume "some minimum responsibility" for an "orderly and expeditious resolution" of his claim. Lewis v. Conners Steel Co., 673 F.2d 1240, 1242 (11th Cir. 1982) (per curiam). When a defendant contests whether the complaint was filed timely, the plaintiff bears the burden of showing that he met the ninety-day filing requirement. Green v. Union Foundry Co., 281 F.3d 1229, 1233-34 (11th Cir. 2002).

Here, EA disputes that plaintiff filed the Complaint within 90 days of the April 13, 2017 Notice of Right to Sue, which was addressed to plaintiff with copies to his attorney, Ariel Fenster, and opposing counsel for EA, David A. Hughes. (Mot. Summ. J. Ex. A [12-2].) EA's counsel received the Notice of Right to Sue on April 17, 2017. (Id. at 7 n.5.) However, plaintiff and his counsel aver that they did not receive the Notice of Right to Sue as to EA, had no knowledge of that Notice until after filing this suit, and did not know whether the EEOC had terminated its investigation of plaintiff's Charge. (Pl.'s Resp. 11 & Exs. 1-3.)

As the Circuit explained in Kerr v. McDonald's Corp., 427 F.3d 947 (11th Cir. 2005) (per curiam), evidence regarding the EEOC's procedure for issuing and mailing a notice of right to sue and the timely receipt of such a notice by opposing counsel is sufficient to raise a presumption that the notice also was mailed to the plaintiff. Id. at 952. Furthermore, "[r]eceipt is presumed when a complainant is unable to show that her failure to receive an RTS letter was in no way her fault." Id. The plaintiff's actual receipt of the notice becomes material only if there was no prior adequate notice. Id. For example, in Kerr, the Circuit held that a plaintiff who requests that the EEOC issue a notice of right to sue is tasked with the minimal responsibility of inquiring as to the status of that notice.

5

Id. at 953. Where a plaintiff does not do so, his failure to receive the notice is then in part due to his own lack of diligence. Id.

Because discovery has yet to begin in this case, the parties have not proffered material facts regarding the EEOC's handling of the Notice of Right to Sue regarding EA, or whether plaintiff or his counsel requested that the Notice be issued and, if so, when that request was made and what follow-up efforts were made. Thus, the Court does not have sufficient facts to rule on defendant EA's Motion for Summary Judgment at this stage of the litigation and the undersigned **RECOMMENDS** that it be **DENIED WITHOUT PREJUDICE**. Should discovery from the EEOC reveal facts similar to those in Kerr, then defendant EA should renew this Motion.

### III. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that EA's Motion for Summary Judgment [12] be **DENIED WITHOUT PREJUDICE** and that plaintiff be permitted to proceed with his Title VII claims.

If the District Court adopts this Report and Recommendation, the October 13, 2017 stay [20] will be lifted and all deadlines in this case will resume. The parties shall file their Certificate of Interested Persons and Joint Preliminary Report and Discovery Plan thirty days from the date of any such Order.

**SO RECOMMNEDED**, this the 3rd day of January, 2018.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE