IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JAMES CROMER, SR.,<br><br>    Plaintiff,<br><br>v.<br><br>FLOYD COUNTY SCHOOL DISTRICT, EMPLOYMENT ALLIANCES, LLC, d/b/a Etowah Employment Agency, and SCOTT JUSTICE,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>4:17-CV-0189-HLM-WEJ |

## ORDER

This case is before the Court on Defendant Employment Alliances, LLC's ("Defendant EA") Motion for Summary Judgment [12], on the Non-Final Report and Recommendation of United States Magistrate Judge Walter

E. Johnson [39], and on Defendant EA's Objections to the Non-Final Report and Recommendation [42].

I.  **Standard of Review**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).  If no party files a timely objection to a

2

factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

The Court incorporates the background portions of its earlier Orders into this Order as if set forth fully herein. (Order of Nov. 30, 2017 (Docket Entry No. 34); Order of Dec. 7, 2017 (Docket Entry No. 37).) Judge Johnson converted a portion of Defendant EA's Motion to Dismiss into a Motion for Summary Judgment, and allowed the Parties to file additional materials relating to that Motion. (Order & Non-Final Report & Recommendation (Docket Entry No. 27).) On January 3, 2018, Judge Johnson issued his Non-Final

Report and Recommendation. (Non-Final Report & Recommendation (Docket Entry No. 39).)

Defendant EA filed Objections to the Non-Final Report and Recommendation. (Objs. (Docket Entry No. 42).) The Court finds that no response to those Objections from Plaintiff is necessary, and concludes that the matter is ripe for resolution.

## III. Discussion

Judge Johnson accurately set forth the law governing right-to-sue letters and time periods for filing lawsuits. (Non-Final Report & Recommendation at 4-6.) The Court agrees with Judge Johnson that, at this stage of the litigation, the Court lacks sufficient facts to rule on Defendant EA's Motion for Summary Judgment. (Id. at 6.) With all due respect to Defendant EA, nothing in its Objections warrants a different

4

result. (See generally Objs.)[1] The Court therefore adopts the Non-Final Report and Recommendation, overrules Defendant EA's Objections, and denies Defendant EA's Motion for Summary Judgment without prejudice.

---

[1] Defendant EA may, if necessary, raise its arguments concerning disqualification of Plaintiff's counsel in a separate Motion for Disqualification. (Objs. at 2 n.1.) The Court further rejects Defendant EA's contentions that Judge Johnson's conclusions that a genuine issue of fact remains and additional discovery is necessary are contrary to authority from the United States Court of Appeals for the Eleventh Circuit. (Id. at 9-15.) To the extent that Defendant EA proffers a new exhibit in support of its Objections, Defendant EA should have presented the exhibit before Judge Johnson, and the Court exercises its discretion to decline to consider the exhibit. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (noting that the district court has discretion to decline to consider new arguments raised by a party in objections to a magistrate judge's report and recommendation); see also Worley v. City of Lilburn, 408 F. App'x 248, 253 (11th Cir. 2011) (per curiam) ("[T]he district court did not abuse its discretion in refusing to consider evidence and arguments that Worley advanced for the first time in his objections to the magistrate's R & R.").

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [39], **OVERRULES** Defendant EA's Objections to the Non-Final Report and Recommendation [42], and **DENIES WITHOUT PREJUDICE** Defendant EA's Motion for Summary Judgment [12].

IT IS SO ORDERED, this the 18 day of January, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE